UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOEGEMAN<br><br>         Petitioner,<br><br>v.<br><br>CHRIS SMITH, et al.<br><br>         Respondent. | Case No.: 3:17-cv-00861-GPC-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>**[DKT. NO. 13]** |

On July 18, 2018, Petitioner Christopher Boegeman ("Petitioner") filed an application to proceed in forma pauperis concurrently with a notice of appeal of this Court's Dkt. No. 10 Order denying Petitioner's habeas petition. Dkt. No. 13. The Court will construe this application to be a motion for leave to proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(1).

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed *in forma pauperis. See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. "The party must attach an affidavit that (1) shows in detail 'the party's inability to pay or give security for fees and costs,' (2) 'claims an entitlement to redress,' and (3)

'states the issues that the party intends to present on appeal.' " *McKinley v. Warden*, No. CV 5:12-00337-VBF, 2013 WL 3872105, *1 (C.D. Cal. Apr. 26, 2013) (quoting Fed. R. App. P. 24(a)(1))

A party seeking to proceed IFP on appeal must file a motion in the district court. *See* Fed R.App. P. 24(a)(1). The determination of whether a plaintiff is indigent, and thus unable to pay the filing fee falls within the district court's discretion. *California Men's Colony v. Rowland,* 939 F.2d 854, 858 (9th Cir.1991), *reversed on other grounds,* 506 U.S. 194, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339–40 (1948). To satisfy the requirements of IFP status, "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Petitioner's application shows that he cannot afford a filing fee. Here, he lists an average monthly income of $1,900 a month with expenses of $2,907 a month. Furthermore, Petitioner states that he must pay a "monthly due of a crime I never did" which the Court construes to refer to the $100 a month restitution ordered by the state court in his underlying case. *See* Dkt. No. 13 at 5; Dkt. No. 17-13 at 7 (ordering fines and restitution (totaling $11,939.80) to be paid to Probation at the rate of $100 per month). Accordingly, Petitioner's affidavit shows that he cannot afford the filing fee.

Petitioner's affidavit, however, has not claimed an entitlement to redress, nor set forth the issues that he intends to present on appeal. Furthermore, Petitioner's Notice of Appeal does not discuss these issues. *See* Dkt. No. 12. Consequently, Petitioner has failed to meet the second and third requirements set forth under Federal Rule of Appellate Procedure 24(a)(1). Accordingly, the Court will **DENY** Petitioner's motion to proceed in

forma pauperis on appeal without prejudice. *See Ontiveros v. Cate*, 2010 WL 4316942, at *1 (S.D. Cal. Oct. 27, 2010) ("However, petitioner fails to detail the issues he intends to present on appeal as required for this Court to determine whether to grant or deny his request to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(1). Accordingly, petitioner's motion to proceed in forma pauperis on appeal is DENIED without prejudice."); *Tran v. Macomber*, 2016 WL 342348, at *15 (N.D. Cal. Jan. 27, 2016) (denying request for IFP status on appeal where "[t]he application is deficient in that it . . . does not contain an affidavit in which Petitioner 'claims an entitlement to redress' and 'states the issues that the party intends to present on appeal.'"). This denial is without prejudice to Petitioner filing an application in the United States Court of Appeals for the Ninth Circuit to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(5).[1]

## CONCLUSION

For the foregoing reasons, this Court **DENIES WITHOUT PREJUDICE** Petitioner's Motion to Proceed In Forma Pauperis on Appeal.

**IT IS SO ORDERED.**

Dated: July 19, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The district court previously denied a certificate of appealability. *See* Dkt. No. 10. Pursuant to Federal Rule of Appellate Procedure 22, "[i]f the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1). Consequently, even though this Court denied a certificate of appealability, Petitioner may still seek appellate review. *See Broadnax v. Beard*, 2014 WL 293270, at *2 (S.D. Cal., Jan. 12, 2014).